*Trimble, for appellant.*

*Ward, for appellee.*

---

ISAAC WALKER ET AL *v.* ANTHONY McFADDEN.

**Estate—Settlement of—Suit of Co-heirs for Distribution.**

One of co-heirs, who makes voluntary trips to try to purchase the interest of the others, cannot claim such expenses paid as a debt against the estate, in a subsequent action by the other heirs against him.

A fortiori, counsel fees will not be allowed him.

**Same—Advancement.**

Such amounts as were paid to the heirs, will be a charge against their individual interest and not a charge against the whole estate.

APPEAL FROM BOURBON CIRCUIT COURT.

May 25, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

George W. McCurty, having died intestate and in minority in Bourbon county, Kentucky, his estate descended to his paternal and maternal collateral kindred, appellee, and the descendants of his brothers and sisters, being those of the paternal branch; the estate consisted of $9,800 money due for land which had descended to him from his father and which had been sold by order of court, and some several acres adjoining Paris, which had not been sold.

Appellee went to Philadelphia, where most of his nephews and nieces and his father lived, and procured from quite a number of these a power of attorney and also a transfer of their interest to

himself, and made some of them small payments, representing, as they aver, the estate to be about $600.

These heirs soon revoked their power of attorney and notified the commisisoner not to pay over any money to him. All the parties appeared in the suit and by pleadings and cross-pleading the issues were made.

He abandoned his claim as purchaser, at least never asserted it, but put in charges for his expenses in making three trips to Philadelphia, attending to the suit for them, and for three-fourths of the attorneys fee of $300, and the court adjudged him as against them $80—expense in going to Philadelphia, $225 or three-fourths of the attorneys fee, and $325 the money advanced, and of this they complain.

It is evident that his first trip to Philadelphia was voluntarily undertaken by him for his own private benefit, in speculating upon his co-heirs by purchasing their interest, at least he made to them no such fair disclosure of the real amount of the estate as to raise the presumption that he was acting for their benefit, and before his other trips they were antagonistic litigants, they having employed their own attorneys; therefore, he has no claim upon them for expenses for any character in conducting the suit. Had he in good faith prosecuted a joint suit in all their names the chancellor would very properly have allowed all the necessary expenses and the attorneys fee as legitimate costs of the suit, but this was not the case, for even those whose names he made known to the court by his pleading he made defendants instead of co-plaintiffs. And for the same reasons they are justly chargeable with no part of his counsel fees.

He is entitled, as against those to whom he made advances, for a judgment for the several sums paid them, but this must be a separate judgment against each for the amount advanced to him, and not a sum in gross as against all, including those to whom he made no advances. Those that got no advances are in no wise liable to him for the amount paid to others; each alone is liable for the specific sum received by him or her.

And if some have received partial advances, the amount should be adjudged as against him out of his part of the fund, yet undistributed, and if there are not sufficient, an order of return of what they have received or a sufficiency to cancel the amount so properly due from them should be made, or the subjecting their share of the remaining unsold land thereto.

For these errors, the judgment is reversed, with directions for further proceedings consistent herewith.

*Prall, for appellants.*

*Hunt & Beck, for appellee.*